NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVELYN D. CASTRO RIVERA; J. D. L. C., Petitioners, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 25-2747 Agency Nos. A216-400-938 A216-400-939 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2026**
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.***

Petitioners Evelyn Castro Rivera and her minor son J.D.L.C., citizens of El

Salvador, petition for review of a decision of the Board of Immigration Appeals

("BIA") dismissing their appeal of an order of an Immigration Judge ("IJ")

denying their applications for asylum, withholding of removal, and protection

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

under the Convention Against Torture ("Torture Convention").[1] We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

We reject Petitioners' argument that the agency failed to consider relevant evidence. The IJ specifically stated that "[t]he court considered all the evidence in the record, even if it is not specifically mentioned in this decision." The IJ also determined that Castro Rivera's testimony was "entitled to full evidentiary weight" because she was "forthright and credible." Contrary to what Petitioners contend, there is no requirement that the IJ organize her ruling to include a separate statement of facts, as opposed to blending her factual findings into her substantive analysis. *See* 8 C.F.R. § 1003.37 (describing the requirements for IJ decisions). Here, the IJ's ruling and the BIA's order make clear that the agency adequately explained its conclusion with reference to the relevant factual findings. *Vilchez v.*

---

[1] Castro Rivera and her son filed separate applications for asylum, withholding of removal, and protection under the Torture Convention, but both applications are based on the same allegations of mistreatment. Castro Rivera's son is also listed as a rider on his mother's asylum application.

*Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012) ("An IJ does not have to write an exegesis on every contention." (simplified)).

To qualify for asylum or withholding of removal, an applicant must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "membership in a particular social group" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id.* § 1231(b)(3)(A). Here, substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus between any past or future harm and their proposed social groups. The agency reasonably concluded that any extortive threats from gangs were motivated by general criminality as opposed to Petitioners' family relationships or opposition to gang activity. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The agency likewise permissibly concluded that threats from Castro Rivera's former partner were motivated by purely personal issues as opposed to Castro Rivera's status as a Salvadoran woman. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (holding that a mere personal dispute lacks a nexus to a protected ground).

The agency properly denied Petitioners' request for relief under the Torture Convention on the ground that they had failed to show that it is more likely than

3

not that they would be tortured with the government's acquiescence if returned to El Salvador.  The agency reasonably concluded that the past harms experienced by Castro Rivera did not rise to the level of torture and that Salvadoran authorities' successful prosecution of some of those involved in her brother's murder refuted her contention that any future torture would be with the acquiescence of Salvadoran officials.  To the extent that Petitioners rely on concerns about the effectiveness of Salvadoran authorities, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).  Nor does the generalized country conditions evidence offered by Petitioners compel the conclusion that they face a "particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022).

**PETITION DENIED.**